UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF EL DORADO, et al.,<br><br>    Defendants. | No. 2:19-cv-518-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. On December 2, 2019, the court dismissed his complaint with leave to amend for: (1) failure to state a cognizable claim and (2) attempting to join unrelated claims. ECF No. 11. Plaintiff was given thirty days to file an amended complaint and, when that time period elapsed without any amended complaint being filed, the court recommended that this case be dismissed. ECF No. 15. The same day that recommendation was filed, plaintiff submitted an amended complaint. Accordingly, the pending findings and recommendations are vacated and the court screens the amended complaint. However, for the reasons discussed below, the amended complaint should be dismissed without further leave to amend.

/////

/////

/////

1

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

In a brief, three-page amended complaint, plaintiff concedes that he cannot name any of the defendants allegedly responsible for failing to protect him from attacks by other inmates. ECF No. 16 at 1-2. He states "[a]t this time plaintiff is unable to provide any names of the

correctional officers responsible for my safety and security . . . ." *Id.* at 1.  And there are no other, non-correctional officer defendants named in the body of the complaint.  Plaintiff cannot proceed with an action against only "Doe" defendants.  *See*, *e.g.*, *Cloud v. Doel*, No. 2:17-cv-00339 GGH, 2017 U.S. Dist. LEXIS 101516, *2 (E.D. Cal. June. 29, 2017) ("In some cases, the naming of Doe defendants would be appropriate if discovery of a properly named defendant could later disclose the identities of the Doe defendants.  However, this case cannot proceed where the only remaining defendants are unidentified Doe defendants, i.e., there are no identifiable defendants against whom discovery could be taken.").  And he has provided no indication that he is in the process of obtaining, or is likely to obtain the name of any viable defendant in the foreseeable future.  Thus, the court concludes that further leave to amend would be futile.

## Conclusion

Accordingly, it is ORDERED that the findings and recommendations issued on January 13, 2020 (ECF No. 15) are withdrawn.

Further, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 16) be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE