UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JON ELLIS, | No. 2:19-cv-0518-EFB KJM P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF EL DORADO, et al., | |
| Defendants. | |

     Plaintiff Peter Jon Ellis, an inmate in the El Dorado County Jail, alleges he was attacked after guards opened doors to other inmates' cells. *See* ECF No. 16. He is now pursuing claims against those guards under 42 U.S.C. §1983. *See id.* The matter is before this court on the Magistrate Judge's findings and recommendation to dismiss without leave to amend, ECF No. 18, to which Mr. Ellis objects, ECF No. 20. No defendants responded to the objections because none had been served with a copy, including of Mr. Ellis's newly proposed amended complaint.

     Soon after this case began, Mr. Ellis consented to the jurisdiction of the Magistrate Judge assigned to this case, who determined that the original complaint did not contain factual allegations showing that Ellis was entitled to relief. ECF No. 9 at 3–4. For example, Mr. Ellis had named the County of El Dorado and the Sheriff, but he had not explained what role the County or the Sheriff played in the attacks against him. *Id.* He had not mentioned these defendants at all. *Id.* Mr. Ellis did mention several "correctional officials, sergeants, and

officers," but he did not explain what they had allegedly done, and he did not explain why their actions violated his constitutional rights. *Id.* at 3.

The Magistrate Judge permitted Mr. Ellis to amend his complaint to correct these problems. *Id.* at 4. The amended complaint omitted the Jail and Sheriff as defendants and named only individual correctional officers as Doe defendants. *See* ECF No. 16. Mr. Ellis explained he could not name these officers because he did not know who they were: they were inside a control tower with mirrored windows when the cell doors in question were opened. *Id.* at 1–2.

The Magistrate Judge recommends that the amended complaint be dismissed as well—this time without leave to amend—because Mr. Ellis could not "proceed with an action against only 'Doe' defendants." ECF No. 18 (citing *Cloud v. Doel*, No. 2:17-cv-00339, 2017 U.S. Dist. LEXIS 101516, *2 (E.D. Cal. June 29, 2017)). Mr. Ellis objected, arguing he should be permitted to file a second amended complaint and conduct discovery to identify the unknown officers. *See generally* ECF No. 19. He also filed another complaint, which the court construes as a proposed amended complaint. *See* ECF No. 20.

This court agrees Mr. Ellis's amended complaint should be dismissed without leave to amend, but not because he has not at this point identified individual officers. Although district courts in this circuit have sometimes dismissed cases against only Doe defendants, as the Magistrate Judge noted, *see* ECF No. 18 at 3,[1] no clear and binding authority appears to require that result. The Ninth Circuit has held instead that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants" described in his complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980). Dismissal is appropriate only if "it is clear that discovery would not uncover the identities" of the unknown defendants. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). District courts within this circuit have thus allowed incarcerated plaintiffs to obtain the identities of Doe defendants with subpoenas and early discovery, even when no other defendants remained, and even at very early stages in the

---

[1] *See also, e.g.*, *Cloud*, 2017 U.S. Dist. LEXIS 101516, at *2; *Williams v. Schwarzenegger*, No. 05-cv-0838, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006), *report and recommendation adopted*, 2007 WL 2015343 (E.D. Cal. July 6, 2007).

litigation. *See, e.g.*, *Ramirez v. Doe*, No. 16-cv-1496, 2018 WL 6164294, at *1 (C.D. Cal. Feb. 22, 2018); *Augustin v. Dep't of Pub. Safety*, No. 09-00316, 2009 WL 2591370, at *3–4 (D. Haw. Aug. 24, 2009).

This court cannot conclude on this record that discovery would not uncover the identities of the unnamed officers. At the same time, this case is not an example of one in which subpoenas and early discovery would be appropriate. Mr. Ellis has now filed three complaints, the most recent without permission, none containing the "short and plain statement of the claim showing that [he] is entitled to relief" required by Federal Rule of Civil Procedure 8(a). In each of his complaints, Mr. Ellis alleges only that he was attacked or became frightened after other inmates' cell doors opened. *See* ECF No. 1 at 3; ECF No. 16 at 1–2; ECF No. 20 at 3–4. His claims thus rest on the implicit assumption that his constitutional rights were violated when cell doors were opened. No factual allegations here support that assumption. In none of his complaints does Mr. Ellis allege, for example, that guards knew he was at risk of attack or that inmates in the opened cell were violent.

These are the same problems the Magistrate Judge explained when he dismissed Mr. Ellis's original complaint. *See* ECF No. 11 at 3–4. Dismissal without leave to amend is thus appropriate. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (dismissal without leave to amend may be appropriate if plaintiff has previously amended complaint).

The court thus orders as follows:

1. The findings and recommendations filed February 11, 2020, are **adopted in part** as described in this order.

2. The amended complaint, ECF No. 16, is **dismissed without leave to amend**.

3. The proposed second amended complaint is **stricken**.

4. The Clerk's Office is directed to **close the case**.

DATED: September 30, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

3